IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ISIS ABDUL,                                    09-CV-1304-BR

            Plaintiff,                         OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.


ISIS ABDUL
1312 S.W. Tenth Avenue #501
Portland, OR 97201

            Plaintiff, *Pro Se*

DWIGHT C. HOLTON

1 - OPINION AND ORDER

United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2114

          Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Isis Abdul seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


                    <u>**ADMINISTRATIVE HISTORY**</u>

     Plaintiff filed an application for DIB on July 10, 2006, alleging a disability onset date of May 26, 2006.


2 - OPINION AND ORDER

Tr. 47.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on January 8, 2009.  Tr. 20-46.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on February 3, 2009, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 14-19.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on September 17, 2009, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on May 28, 1944, and was 64 years old at the time of the hearing.  Tr. 47.  Plaintiff completed an Associates Degree.  Tr. 27.  Plaintiff has past relevant work experience as a front-desk receptionist, data-entry clerk, and administrative secretary.  Tr. 19.

Plaintiff alleges disability due to "cervical, thoracic dysfunction of left shoulder, [and] scoliosis."  Tr. 128.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the

---

[1] Citations to the official transcript of record filed by the Commissioner on April 8, 2010, are referred to as "Tr."

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the
medical evidence. *See* Tr. 18.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005). To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of
developing the record. *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I.   The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

5 - OPINION AND ORDER

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining

whether a claimant can still work despite severe medical
impairments.  An improper evaluation of the claimant's ability to
perform specific work-related functions "could make the
difference between a finding of 'disabled' and 'not disabled.'"
SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See
also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20
C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can do.  *Tackett v. Apfel*, 180
F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy
this burden through the testimony of a VE or by reference to the
Medical-Vocational Guidelines set forth in the regulations at
20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner
meets this burden, the claimant is not disabled.  20 C.F.R.
§ 404.1520(g)(1).


**ALJ'S FINDINGS**

At Step One, the ALJ found there was not any continuous 12-

month period in which Plaintiff did not engage in substantial
gainful activity (SGA).  Tr. 17.  Nevertheless, in an abundance
of caution, the ALJ proceeded to Step Two of the sequential
evaluation process because Plaintiff did not accept any temporary
work assignments after October 3, 2008.  Tr. 17.

At Step Two, the ALJ found Plaintiff has the severe
impairment of degenerative disc disease.  Tr. 17.

At Step Three, the ALJ concluded Plaintiff's medically
determinable impairment does not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P, appendix
1.  Tr. 13.  The ALJ found Plaintiff has the RFC to perform light
work without any "overhead work" and with the use of a headset
for "any telephone work."  Tr. 17.

At Step Four, the ALJ found Plaintiff is capable of
performing her past relevant work as a front-desk receptionist,
data-entry clerk, and administrative secretary.  Tr. 19.
Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff fails to identify with specificity how the ALJ
allegedly erred.  The Ninth Circuit has held courts "ordinarily
will not consider matters" not argued "with any specificity" by a
claimant.  *Carmickle v. Comm'n, Social Sec. Admin.*, 533 F.3d
1155, 1161 n.2 (9th Cir. 2008)(citing *Paladin Assocs., Inc. v.*

*Mont. Power Co.*, 328 F.3d 1145, 1164 (9ᵗʰ Cir. 2003)).
Nevertheless, because Plaintiff is proceeding *pro se,* the Court
liberally construes Plaintiff's Complaint and reviews the ALJ's
decision for legal error. *See Erickson v. Pardus*, 551 U.S. 89,
94 (2007).

**I.    The ALJ did not err at Step One when he found there was not
any continuous 12-month period during which Plaintiff has
not engaged in SGA.**

If a claimant is working and that work is SGA, then the
claimant is not disabled.  20 C.F.R. § 1420(b).  The record
reflects Plaintiff performed a number of different jobs through
temporary agencies after her alleged disability onset date of
May 26, 2006.  Tr. 16, 28-39, 101, 112-21, 128-30, 153-60.  Due
to the temporary and varied nature of Plaintiff's work, it was
appropriate for the ALJ to average Plaintiff's monthly earnings
to determine whether she engaged in SGA.  *See* 20 C.F.R.
§ 404.1574(b)(2)(ii)(B).

The ALJ noted Plaintiff's average monthly earnings in 2006
were slightly below the $860 per month threshold indicative of
SGA, in 2007 "well above" the $900 per month threshold indicative
of SGA, and through October 2008 "exceeded" the $940 per month
threshold indicative of SGA.  Tr. 16.  The ALJ also noted even
though Plaintiff had not worked since October 3, 2008, she
continued to be registered with temporary agencies and was
receiving unemployment benefits at the time of the hearing, which

indicated she is available for work assignments.  Tr. 16-17.

Accordingly, the Court concludes on this record that the ALJ did not err at Step One when he concluded there was not any continuous 12-month period during which Plaintiff did not engage in SGA because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## II.  Any error by the ALJ at Step Two is harmless.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a), (b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.  *Id.*

As noted, the ALJ found Plaintiff has the severe impairment

of a degenerative disc disease.  The Ninth Circuit has held when
the ALJ has resolved Step Two in a claimant's favor, any error in
designating specific impairments as severe does not prejudice a
claimant at Step Two.  *See Burch v. Barnhart*, 400 F.3d 676, 682
(9th Cir. 2005)(any error in omitting an impairment from the
severe impairments identified at Step Two was harmless when Step
Two was resolved in claimant's favor).  The ALJ here resolved
Step Two in Plaintiff's favor, and, therefore, the Court
concludes any error the ALJ may have made in failing to identify
Plaintiff's other alleged impairments as severe is harmless.

**III. The ALJ did not err in assessing Plaintiff's RFC.**

      As noted, the ALJ concluded Plaintiff had the RFC to perform
light work without any overhead work and with the use of a
headset for telephone work.  The ALJ did not reject any opinions
of Plaintiff's treating or examining physicians.  The ALJ pointed
out that Nathan Margaret, M.D., examining physician, noted
Plaintiff suffered from "chronic neck and left shoulder pain
. . . secondary to musculoskeletal strain."  Tr. 206.
Dr. Margaret opined Plaintiff could stand and walk six hours in
an eight-hour work day, sit for six hours in an eight-hour work
day, and lift 20 pounds occasionally and ten pound frequently.
Tr. 206.  Dr. Margaret also opined Plaintiff should not engage in
work that requires "frequent lifting above her head or reaching
above her head, but this can be done occasionally."  Tr. 207.

In addition, the ALJ noted Douglas Davies, D.C., treating chiropractor, opined Plaintiff was limited in her ability to do work that requires raising her arms above her shoulders or to carry, to lift, and to pull objects.  Tr. 18, 208.

Accordingly, the Court concludes on this record that the ALJ did not err in his assessment of Plaintiff's RFC because he included the limitations contained in the opinions of Plaintiff's treating chiropractor and examining physician and provided legally sufficient reasons supported by substantial evidence in the record for his assessment of Plaintiff's RFC.

**IV.  The ALJ did not err when he concluded Plaintiff could perform her past relevant work.**

At the hearing, the ALJ called on a VE who testified Plaintiff would be able to perform her past relevant work.  The ALJ properly relied on the VE's testimony as to the mental and physical demands of Plaintiff's past relevant work when the ALJ concluded Plaintiff could perform her past relevant work.  *See Hamilton v. Comm'm Social Sec. Admin.*, 368 F. App'x 724, 727 n.4 (9th Cir. 2010)(ALJ was entitled to rely on the vocational expert's assessment).

Accordingly, the Court concludes on this record that the ALJ did not err when he concluded Plaintiff could perform her past relevant work because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

12 – OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 3rd day of December, 2010.


                                        /s/ Anna J. Brown

                                        _____
                                        ANNA J. BROWN
                                        United States District Judge